# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

LIENFACTORS, LLC, et al.,
    Plaintiffs,

v.

LEROY GRANT,
    Defendant.

No. 3:11cv876 (SRU)

## RULING ON AMENDED MOTION TO REMAND TO STATE COURT

On May 31, 2011, the defendant, Leroy Grant, appearing *pro se*, removed this case from state court. Grant previously attempted to remove this same case, and the court remanded it to state court. In that decision, I found that the court lacked subject matter jurisdiction because the original complaint only included state law claims, and a defendant may not remove a case based on a pleaded federal defense. Remand Order (3:10cv1545 (SRU), doc. # 5) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 14 (1983)). Nor may a defendant remove a case by pleading a federal counterclaim. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831-32 (2002).

Grant's removal appears to be based on federal defenses and/or counterclaims that he has pursued in state court. *See* Notice of Removal (doc. # 1) (alleging discrimination and deprivation of due process of law). It is undisputed that the parties are not diverse. The plaintiffs filed a motion to remand to state court (doc. # 7) and, thereafter, an amended motion to remand (doc. # 11). For the same reasons set forth in the court's prior ruling, the plaintiffs' amended motion to remand (doc. # 11) is GRANTED. Grant may not remove this case based on the federal questions present in his defenses and/or counterclaims. Removal would only be appropriate had the plaintiffs pled a federal question — or, at the very least, had the plaintiffs failed to plead necessary federal questions. *Franchise Tax Bd.*, 463 U.S. at 22.

The case shall be remanded to state court, and the clerk shall close this file.

It is so ordered.

Dated at Bridgeport, Connecticut, this 13th day of June 2011.

    /s/ Stefan R. Underhill
    Stefan R. Underhill
    United States District Judge